UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEJANDRO DOS SANTOS, III,

      Plaintiff,

 vs.                 5:22-CV-1102
                      (MAD/ATB)

THE SYRACUSE POLICE DEPARTMENT, *Police Department*, DET. MATHEW FRAHER, *#0491*, DET. KATE HENDERSON, *#0123*, DET. MICHAEL MALONE, *#0125*, DET. DAVID DEMAND, *#0480*, DET. DALLAS PELTZ, *#0245*, ROBERT AUBERTINE, *#0350 Police Detective*, DET. TERELL IRVINE, *#0209*, ANDREW RAWSON, *#0438 Police Detective*, TYLER GOODE, *#536A Photographer*,

      Defendants.

---

ALEJANDRO DOS SANTOS, III,

      Plaintiff,

 vs.                 5:22-CV-1164
                      (MAD/ATB)

THE ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, JARRETT WOODFORK, *in his individual and official capacity as prosecutor*,

      Defendants.

---

**APPEARANCES:**                **OF COUNSEL:**

**ALEJANDRO DOS SANTOS, III**
444 South Salina Street
Unit 868
Syracuse, New York 13201
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

         **ORDER**

1

*Pro se* Plaintiff Alejandro Dos Santos, III ("Plaintiff") commenced *Santos, III v. The Syracuse Police Department* on October 25, 2022, alleging violations of the Fourth Amendment, Sixth Amendment, and Fourteenth Amendment of the Constitution by named Defendant Syracuse police officers and photographer related to an October 20, 2019, search of a residence belonging to Jasmine McCarthy,[1] an amended search warrant related to the search, and court proceedings following the search. *See* No. 5:22-CV-1102, Dkt. No. 1 at 4-14. Also on October 25, 2022, Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). *See id.*, Dkt. No. 2.

On November 8, 2022, Plaintiff filed a complaint and motion for leave to proceed IFP in the related case *Santos, III v. The Onondaga County District Attorney's Office*. No. 5:22-CV-1164, Dkt. No. 1. Plaintiff alleges Defendant Jarrett Woodfork, an assistant district attorney at the Onondaga County District Attorney's Office ("OCDA"), and Defendant OCDA violated Plaintiff's rights under the Fourth Amendment and 42 U.S.C. § 1986. *See* 5:22-CV-1164, Dkt. No. 1.

On November 15, 2022, Magistrate Judge Andrew T. Baxter issued an Order and Report-Recommendation as to both related cases granting Plaintiff's application to proceed IFP, and recommending that:

> (1) any claims asserted under the Sixth Amendment; (2) any claims solely predicated on alleged violations of federal or state criminal statutes by defendants in connection with the October 20, 2019 search; and (3) any claims asserted in Case No. 1164 predicated on the failure of any defendant to investigate or prosecute the Syracuse Police defendants for alleged misconduct relating to the October 20, 2019 search[,]

---

[1] Plaintiff and Ms. McCarthy share an infant daughter. *See* No. 5:22-CV-1102, Dkt. No. 1 at 3.

2

*id.*, Dkt. No. 6 at 26, Defendants Syracuse Police Department ("Defendant SPD") and OCDA be dismissed with prejudice, and that the remaining claims and Defendants be dismissed without prejudice. *See id.* at Dkt. No. 6; No. 5:22-CV-1102, Dkt. No. 5. Plaintiff has not filed objections.

When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, as Plaintiff appears IFP, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court agrees with Magistrate Judge Baxter that Plaintiff failed to state a claim of violations of the Fourth Amendment in relation to the search of and taking of evidence and property from Ms. McCarthy's residence, because Plaintiff, as a non-resident, *see* No. 5:22-CV-1102, Dkt. No. 1 at 5, 9, 13, 16, 39, lacks standing to challenge the search. *See* U.S. Const. amend. IV (protecting the "right of the people to be secure in their persons ... against unreasonable searches and seizures); *United States v. Ray*, 541 F. Supp. 3d 355, 380 (S.D.N.Y.

2021) ("A defendant can establish that he had a legitimate expectation of privacy with respect to a home sufficient to invoke Fourth Amendment rights 'by showing that he owned the premises or that he occupied them and had dominion and control over them by leave of the owner'") (citation omitted). Because Plaintiff's factual allegations specifically deny a right to privacy in the residence, any attempt to amend the Fourth Amendment claims are "unlikely to be productive, [so] ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).[2]

Magistrate Judge Baxter correctly recommended that Plaintiff failed to state a claim of deprivation of property in violation of his due process as there remain unexhausted state post-deprivation remedies. *Jackson v. Burke,* 256 F.3d 93, 96 (2d Cir. 2001) ("New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia,* a Court of Claims action"); *Walker v. Uhler*, No. 9:22-CV-1133, 2022 WL 17250311, *4 (N.D.N.Y. Nov. 28, 2022) ("Because plaintiff has access to adequate state law remedies, he has not been deprived of property without due process of law and therefore cannot state a claim for relief pursuant to Section 1983") (citation omitted). As any leave to amend would be futile, this claim is dismissed without leave to amend. *See Ruffolo*, 987 F.2d at 131.

Magistrate Judge Baxter appropriately found that Plaintiff's Sixth Amendment claims are not viable as Sixth Amendment rights are only applicable to criminal prosecutions, rather than Plaintiff's claims arising out of family court proceedings. *See* U.S. Const. amend. VI; *Leslie v. Artuz*, 230 F.3d 25, 32 (2d Cir. 2000) ("This provision gives the accused the right to the effective

---

[2] Magistrate Judge Baxter also correctly notes that Plaintiff failed to plead personal involvement of Defendant police officers besides Defendant Peltz for Fourth Amendment violations, and thus failed to provide adequate notice in his pleading. *See A'Gard v. Perez*, 919 F. Supp. 2d 394, 406 (S.D.N.Y. 2013) ("A plaintiff must plead the personal involvement of each defendant in a violation of § 1983").

assistance of counsel at all critical stages of a criminal proceeding, including the pretrial stages, trial, and sentencing") (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

The Court agrees with Magistrate Judge Baxter's recommendations to dismiss the Fourteenth Amendment claims as

> Plaintiff's conclusory allegations do not provide any details identifying which defendants were engaged in blocking his access to his daughter on October 20, 2019, or how that was carried out. Nor does the complaint provide any particulars about which defendants communicated the results of their investigation of plaintiff and Jasmine McCarthy to case workers or in connection with Family Court proceedings.

No. 5:22-CV-1102, Dkt. No. 5 at 17; No. 5:22-CV-1164, Dkt. No. 6 at 17. Plaintiff's complaint is devoid of facts surrounding the alleged deprivation of access to his daughter and the abuse investigation, including Defendants' personal involvement, and accordingly fails to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009).

Magistrate Judge Baxter properly recommended that "any claim of plaintiff predicated on the Family Court proceedings relating to the order of protection against him and the custody of his daughter would be subject to dismissal under the domestic relations abstention doctrine, as articulated in the Second Circuit's *Deems* cases." No. 5:22-CV-1102, Dkt. No. 5 at 22; No. 5:22-CV-1164, Dkt. No. 6 at 22; *see American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019) ("With respect to abstention … [Plaintiff's] claims are, at a minimum, 'on the verge of being matrimonial in nature' and that 'there is no obstacle to their full and fair determination in state courts'") (citing *American Airlines, Inc.*, 905 F.2d at 14); *see also Legister v. Radowitz*, No. 1:20-CV-9330, 2020 WL 7405672, *4 (S.D.N.Y. Dec. 16, 2020) ("[U]nless [Plaintiff] shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must

abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement").

As stated by Magistrate Judge Baxter, claims against Defendant Woodfork in his official capacity and the OCDA regarding prosecution actions are barred by sovereign immunity. *See D'Alessandro v. City of New York*, 713 Fed. Appx. 1, 8 (2d Cir. 2017) (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity"). To the extent Plaintiff seeks to allege claims against Defendant Woodfork in his personal capacity, such claims are barred from absolute immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process ... are absolutely immune from liability in § 1983 lawsuits"); *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *D'Alessandro v. City of New York*, 713 Fed. Appx. 1, 5 (2d Cir. 2017).

The Court also agrees that claims against Defendant SPD must be dismissed as "[m]unicipal departments … are not amenable to suit." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999). Because of these immunities, any attempt to amend the claim against these Defendants would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend").

Magistrate Judge Baxter correctly found that to the extent Plaintiff sought to state claims under 42 U.S.C. §§ 1985, 1986, Plaintiff failed to do so as the complaints did not make factual allegations to meet the element of the claims, including a failure to allege knowledge of police

wrongdoings. *See Iqbal*, 556 U.S. at 678-9.

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (No. 5:22-CV-01102, Dkt. No. 5; No. 5:22-CV-1164, Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaints (No. 5:22-CV-01102, Dkt. No. 1; No. 5:22-CV-1164, Dkt. No. 1) are **DISMISSED without prejudice**; and the Court further

**ORDERS** that Defendant OCDA is **DISMISSED with prejudice** from this action; and the Court further

**ORDERS** that Defendant SPD is **DISMISSED with prejudice** from this action; and the Court further

**ORDERS** that the Fourth Amendment claims based on the seizure of property are **DISMISSED** without leave to amend; and the Court further

**ORDERS** that the Sixth Amendment claims are **DISMISSED** without leave to amend; and the Court further

**ORDERS** that the remaining claims are **DISMISSED** with leave to amend; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 24, 2023
       Albany, New York

Mae A. D'Agostino
U.S. District Judge